THOMAS K. HOCKEL (SBN 172367)
KELLY HOCKEL & KLEIN P.C.
44 Montgomery Street, Suite 2500
San Francisco, CA 94104-4798
Tel.: (415) 951-0535
Fax: (415) 391-7808
thockel@khklaw.com

Attorneys for Defendants HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY; and AMERICAN PRESIDENT LINES, LTD

UNITED STATED DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PATRICIA HOFFER,<br><br>Plaintiff,<br><br>vs.<br><br>HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY; AMERICAN PRESIDENT LINES, LTD., and DOES 1 THROUGH 25,<br><br>Defendants. | Case No.: CV-08-2174-MHP<br><br>**DEFENDANTS' EX PARTE APPLICATION FOR LEAVE TO FILE MOTION TO DISMISS PRIOR TO INITIAL CASE MANAGEMENT CONFERENCE; [PROPOSED] ORDER**<br><br>Hon. Marilyn Hall Patel |

Pursuant to Standing Order item no. 5 and directions for the Court, defendants Hartford Life And Accident Insurance Company ("Hartford") and American President Lines, Ltd. ("APL") (hereinafter collectively "Defendants") hereby apply *ex parte*, and *nunc pro tunc*, for leave to file their "Motion to Dismiss Plaintiff's Complaint; or Alternatively, to Strike Portions of Plaintiff's Complaint," (attached hereto as Exhibit A), filed on July 10, 2008, as follows:

1.  Pursuant to the parties' stipulation, Defendants' last day for filing a response to Plaintiff's Complaint was July 10, 2008. Pursuant to F.R.C.P 12(h)(2), Defendants were required to file their motion on or before that date.

2.  This matter was initially assigned to Magistrate Judge Maria Elena James.

3.  On June 25, 2008, Defendants filed a Notice of Declination to Proceed Before Magistrate.

4.  On or about July 1, Defendants received a "Clerk's Notice" indicating that this matter had been reassigned to Hon. Judge Marilyn Patel and that an initial Case Management Conference had been scheduled for August 25, 2008.

5.  The parties attempted to meet and confer regarding the motion to dismiss until July 9, 2008, when their efforts finally proved unavailing and Defendants determined that a motion would be necessary.

6.  In order to preserve the right to the defenses asserted in the Motion to Dismiss, Defendants filed their Motion to Dismiss or Strike on July 10, 2008.

7.  Notably, there were only five business days between the date Defendants received notice of the reassignment and the filing of the Motion to Dismiss. As of the filing of the Motion to Dismiss, Defendants had not reviewed Judge Patel's standing order, (which was not served with the Complaint because the matter had been assigned to Magistrate James) and thus were unaware of the Standing Order requiring leave to file a motion to dismiss prior to the initial Case Management Conference.

8.  Defendants were required to file their Motion to Dismiss prior to the August 25, 2008, initial Case Management Conference set by the July 1, 2008, Clerk's Notice in order to

preserve their defenses. Had Defendants waited to file their Motion to Dismiss until after August 25, 2008, their right to assert the defenses in that motion would have been waived.

9. Defendants regret any inconvenience to the Court occasioned by their failure to obtain and review a copy of the Court's standing order prior to their filing of their Motion to Dismiss. Defendants first learned of the leave requirement on July 11, 2008. Defendants had no intention to disregard or flout the Court's Standing Order requiring leave of Court in order to file a motion prior to the initial Case Management Conference.

WHEREFORE, Defendants request, *nun pro tunc,* leave to file their Motion to Dismiss and to have that motion heard at 2:00 p.m. on Monday, August 18, 2008 (or such other date as the Court may set).

Respectfully submitted,

Dated: July 11, 2008        KELLY, HOCKEL & KLEIN P.C.


By   //Thomas K. Hockel
       Thomas K. Hockel
       Attorneys for Defendants

## [PROPOSED] ORDER

Having reviewed Defendants' *ex parte* application for leave to file their Motion to Dismiss or Strike, and good cause appearing therefor, the Court hereby GRANTS the *ex parte* application and ORDERS that Defendants' motion shall be heard at 2:00 p.m. on August 18, 2008, in Courtroom 15, 18th Floor of the above court.


Dated: July 11, 2008        _____
                             UNITED STATES DISTRICT JUDGE

# EXHIBIT A

1  THOMAS K. HOCKEL (SBN 172367)
   KELLY HOCKEL & KLEIN P.C.
2  44 Montgomery Street, Suite 2500
   San Francisco, CA 94104-4798
3  Tel.: (415) 951-0535
   Fax: (415) 391-7808
4  thockel@khklaw.com

5

   Attorneys for Defendants HARTFORD LIFE AND ACCIDENT INSURANCE
6  COMPANY; and AMERICAN PRESIDENT LINES, LTD

7

8                      UNITED STATED DISTRICT COURT

9                      NORTHERN DISTRICT OF CALIFORNIA

10                         SAN FRANCISCO DIVISION

11
   PATRICIA HOFFER,                    ) Case No.: CV-08-2174-MHP
12                                     )
              Plaintiff,               ) **NOTICE OF MOTION AND MOTION TO**
13                                     ) **DISMISS PLAINTIFF'S COMPLAINT;**
        vs.                            ) **OR, ALTERNATIVELY, TO STRIKE**
14                                     ) **PORTIONS OF PLAINTIFF'S**
   HARTFORD LIFE AND ACCIDENT          ) **COMPLAINT**
15 INSURANCE COMPANY; AMERICAN         )
   PRESIDENT LINES, LTD., and DOES 1   )
16 THROUGH 25,                         ) Date:  August 19, 2008
                                       ) Time:  2:00 p.m.
17                                     ) Courtroom 15, 18th Floor
              Defendants.              ) Hon. Marilyn Hall Patel
18                                     )
19                                     )
20

21

22

23

24

25

26

27

28

---

NOTICE OF MOTION TO DISMISS PLAINTIFF'S                    Case No.: CV-08-2174-MHP
COMPLAINT; OR, ALTERNATIVELY, TO STRIKE
PORTIONS OF PLAINTIFF'S COMPLAINT                          Page 0

1  TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

2  NOTICE IS HEREBY GIVEN that at 2:00 p.m., on August 19, 2008, or as soon
3  thereafter as the matter may be heard, in Courtroom 15, 18th Floor, of the above court,
4  defendants Hartford Life And Accident Insurance Company ("Hartford") and American
5  President Lines, Ltd. ("APL") (hereinafter collectively "Defendants") will move, and hereby do
6  move, for an order dismissing the "Complaint Employee Retirement Income Security Act and for
7  Damages" ("the Complaint") filed herein by plaintiff Patricia Hoffer ("Plaintiff"). Alternatively,
8  Defendants will request an order striking portions of the Complaint, as set forth more fully in the
9  Memorandum of Points and Authorities accompanying this motion.

10  As set forth in the accompanying memorandum, this motion is brought pursuant to
11  Federal Rule of Civil Procedure 12(b)(6) and 12(f) on the grounds that Plaintiff has failed to state
12  a claim upon which relief can be granted and that Plaintiff's complaint contains immaterial,
13  impertinent or scandalous matter that should be stricken.

14  The motion is based on this notice, the Memorandum of Points and Authorities below,
15  the pleadings and papers on file herein, and any argument that may be heard.

16
17                                          Respectfully submitted,
18
19  Dated: July 10, 2008                    KELLY, HOCKEL & KLEIN P.C.
20
21                                          By __//Thomas K. Hockel__
                                                Thomas K. Hockel
22                                              Attorneys for Defendants
23
24
25
26
27
28

TABLE OF CONTENTS

PAGE (S)

I. STATEMENT OF FACTS ................................................................................................ 2

II. POSTURE OF THE CASE............................................................................................... 2

III. ARGUMENT..................................................................................................................... 3

   A. The Court Must Dismiss Plaintiff's First Cause of Action Against Hartford Because, as a Third Party Insurer, Hartford Is Not a Proper Defendant in An Action to Recover ERISA Benefits. ................................................................................ 3

   B. Plaintiff's Second Cause of Action, Against APL, Fails to State a Claim Under ERISA and Must Be Dismissed. ............................................................................... 4

   C. Plaintiff's Third and Fourth Causes of Action Against Hartford for Breach of Contract and "Bad Faith" Are Preempted by ERISA and Must Be Dismissed .............. 5

   D. Plaintiff's Allegations of Entitlement to Punitive Damages Based on "Evil Motive," "Malice," "Fraud," "Oppression" and "Conscious Disregard" Must Be Stricken As Immaterial, Impertinent and Scandalous under FRCP 12(f). ................................................. 6

IV. CONCLUSION.................................................................................................................. 8

# TABLE OF AUTHORITIES

**PAGE(S)**

**Cases**

*Bast v. Prudential Ins. Company of America*,
   150 F.3d 1003 (9th Cir. 1998) .................................................................................. 9

*Dytrt v. The Mountain State Telephone and Telegraph Company*,
   921 F.2d 889 (9th Cir. 1990) ................................................................................... 7

*Ellenburg v. Brockway, Inc.*,
   763 F.2d 1091 (9th Cir. 1985) ................................................................................. 6

*Everhart v. Allmerica Life Insurance Company*,
   275 F.3d 751 (9th Cir. 2001) ................................................................................... 3

*Fantasy, Inc. v. Fogerty*,
   984 F.2d 1524 (9th Cir. 1993) ................................................................................. 8

*Ford v. MCI Communications Corporation Health and Welfare Plan*,
   399 F.3d 076, 1081 (9th Cir. 2005) ......................................................................... 4

*Fort Halifax Packing Co. v. Coyne*,
   482 U.S. 1, (1987) ................................................................................................... 7

*Gelardi v. Pertec Computer Corp.*,
   761 F.2d 1323 (9th Cir. 1985) ................................................................................. 3

*Gibson v. Prudential Ins. Co.*,
   915 F.2d 414 (9th Cir. 1990) ................................................................................... 3

*Group Life Ins. Co. v. Western Growers Assur. Trust*,
   953 F.2d 543 (9th Cir. 1992) ................................................................................... 7

*Madden v. ITT Long Term Disability Insurance Plan for Salaried Employees*,
   914 F.2d 1279 (9th Cir. 1990) ................................................................................. 3

*Massachusetts Mutual Life Ins. Co. v. Russell*,
   473 U.S. 134 (1985) ................................................................................................ 9

*Mertens v. Hewitt Associates,*
    508 U.S. 248 (1993) ... 8

*Pilot Life Ins. Co. v. Dedeaux,*
    481 U.S. 41 (1987) ... 7

*Scott v. Gulf Oil Corp.,*
    754 F.2d 1499 (9th Cir. 1985) ... 7

*Solok v. Bernstein,*
    803 F.2d 532, 536-537 (9th Cir. 1986) ... 9

**Statutes**

29 U.S.C. § 1002(16)(A)(i) ... 3

29 U.S.C. § 1101 ... 4

U.S.C. § 1132(a)(1)(B) ... 3, 5

29 U.S.C. § 1144(a) ... 6

29 U.S.C. § 1144(c) ... 6

*Federal Practice and Procedure* § 1382, at 706-07 (1990) ... 7

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF FACTS

According to the allegations in the Complaint, Plaintiff was employed by APL and, through her employment, was a participant in various employee welfare benefit plans that provided disability insurance, medical and vision benefits, dental benefits, life insurance benefits and retirement benefits. (*See* Complaint, ¶¶ 5-7.) One such plan provided long term disability benefits through a Group Long Term Disability Policy ("the LTD Plan") issued by Hartford to APL. (*See id.*, ¶¶ 7-9.)

Plaintiff alleges she became disabled and eligible for disability benefits, and began receiving benefits, on or about September 27, 1997. (Complaint, ¶ 12.) Plaintiff alleges that Hartford wrongfully terminated her disability benefits on March 28, 2007, contrary to the LTD Plan and in violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. Section 1101, *et seq.*

## II. POSTURE OF THE CASE

As reflected in the Court's docket, the Complaint was filed on April 28, 2008, and was served on Hartford on May 8, 2008. Plaintiff's counsel stipulated to two extensions while the parties attempted to meet-and-confer regarding the contents of the Complaint and this motion. The parties' efforts were ultimately unsuccessful, leading to the filing of this motion.

### III. ARGUMENT

**A. The Court Must Dismiss Plaintiff's First Cause of Action Against Hartford Because, as a Third Party Insurer, Hartford Is Not a Proper Defendant in An Action to Recover ERISA Benefits.**

Plaintiff's First Cause of Action is asserted against Hartford alone and, in summary, seeks the recovery of further long-term disability benefits under the group long-term disability insurance policy issued by Hartford to APL. (Complaint, ¶¶ 9, 10, 16-17.) Plaintiff alleges that the denial of benefits was in violation of ERISA. (Complaint, ¶ 16.)

ERISA allows a plan beneficiary to institute an action to recover benefits under 29 U.S.C. § 1132(a)(1)(B). However, it is well-settled that the ERISA Plan is the only proper defendant in such an action. *Everhart v. Allmerica Life Insurance Company*, 275 F.3d 751, 754 (9th Cir. 2001) [the plan alone--not the insurer--is proper party in an action to recover ERISA benefits under 1132(a)(1)(B))]; *see also Gelardi v. Pertec Computer Corp.*, 761 F.2d 1323 (9th Cir. 1985) (action to recover benefits allowed only against the Plan as an entity); *Gibson v. Prudential Ins. Co.*, 915 F.2d 414, 417 (9th Cir. 1990); *Madden v. ITT Long Term Disability Insurance Plan for Salaried Employees*, 914 F.2d 1279, 1287 (9th Cir. 1990) (improper to include employer in action to recover benefits).

In holding that the plaintiff could not sue a third party insurer in an action to recover insurance benefits under ERISA, the Ninth Circuit in *Everhart* stated: "We find no reason to depart from the established precedent of this circuit that has expressly considered the issue, that § 1132(a)(1)(B) does not permit suits against a third-party insurer to recover benefits when the insurer is not functioning as a plan administrator."

Plaintiff alleges in the Complaint that Hartford "administered" the LTD Plan (Complaint, ¶ 7), but does not allege that Hartford was the Plan Administrator. ERISA defines the "Plan Administrator" as "the person specifically so designated by the terms of the instrument under which the plan is operated[.]" 29 U.S.C. § 1002(16)(A)(i). The Group Benefits Plan booklet attached as "Exhibit 1" to the Complaint clearly does not define Hartford as the Plan Administrator. To the contrary, Hartford is merely identified as the insurer.

1   Nor does the fact that Hartford made the claims decision compel the conclusion that it
2   was the "Plan Administrator." At most, Hartford was the *claims administrator*. *Everhart, supra,*
3   275 F.3d at 754; *see also Ford v. MCI Communications Corporation Health and Welfare Plan,*
4   399 F.3d 076, 1081-1082 (9th Cir. 2005) (Hartford found not to be the Plan Administrator even
5   though it made the claim decision). ERISA does not permit suit against the entity determining
6   eligibility for benefits or that was functioning as a claim administrator.
7   Under clearly established Ninth Circuit precedent, Hartford, as a third party insurer, is not
8   a proper defendant in an action to recover ERISA benefits. The LTD Plan is the proper
9   defendant, not the insurer. Plaintiff has failed to name the LTD Plan as a defendant. As such,
10  Plaintiff's first cause of action fails to state a claim and must be dismissed.

11  **B.   Plaintiff's Second Cause of Action, Against APL, Fails to State a Claim Under ERISA and Must Be Dismissed.**
12  

13  Plaintiff's Second Cause of Action is asserted solely against APL, as her former
14  employer. Although the nature and basis of the cause of action is not clear, it appears to be
15  another claim for ERISA benefits. (Complaint, p. 4.) In summary, Plaintiff appears to contend
16  that APL terminated her employment on March 12, 2008, for the purpose of denying her
17  "…substantial medical and related benefits…". (*See* Complaint, ¶¶ 20-23.) She contends her
18  termination violated 29 U.S.C. § 1101, *et seq.,* and she seeks to recover benefits and other
19  damages.
20  Plaintiff's Second Cause of Action is untenable for several reasons.
21  First, Plaintiff's Second Cause of Action fails for the same reason her First Cause of
22  Action fails: the claim purports to be a cause of action to recover benefits under ERISA, but it is
23  asserted against Plaintiff's former *employer*, rather than the Plan or the Plan Administrator. *See*
24  *Everhart, et al., supra.* The employer itself is not a proper defendant in an action to recover
25  ERISA benefits. *Madden, supra,* 914 F.2d at 1287 (inclusion of employer was improper in an
26  ERISA suit to recover benefits), *Gelardi, supra,* 761 F.2d at 1324-1325 (affirming summary
27  judgment in favor of employer on the ground that plaintiff must sue the Plan in action to recover
28  benefits).

Second, Plaintiff's Second Cause of Action does not allege any common law claim for "wrongful termination" unrelated to her ERISA benefits. Rather, she is asserting her claim for of benefits under ERISA, as is evident from the title of the cause of action as well as the allegations in the cause of action. (Complaint, ¶¶ 20-23.) Plaintiff couches her claim as a cause of action for "wrongful termination" against APL for which she seeks benefits and "punitive damages."[1] However, ERISA does not provide a basis for a general claim for "wrongful termination" based on the denial of a claim for benefits.[2] Plaintiff's claim against the Plan as a "plan participant"[3] is limited to the recovery of benefits due to her under the terms of the Plan. 29 U.S.C. § 1132(a)(1)(B).[4] ERISA simply does not provide the claims she attempts to assert.

Third, as explained above, a plan participant may bring an action to recover benefits due under the terms of the plan under 29 U.S.C. § 1132(a)(1)(B), but here Plaintiff's Second Cause of Action fails because she has not sufficiently pleaded her entitlement to any specific benefit under the Plan, nor has she alleged the denial of any such benefits by the Plan. Her vague allegation of the loss of "…substantial medical and related benefits…" due to her termination (Complaint, ¶ 23) is insufficient to satisfy the elements of a claim under 29 U.S.C. § 1132(a)(1)(B).

### C. Plaintiff's Third and Fourth Causes of Action Against Hartford for Breach of Contract and "Bad Faith" Are Preempted by ERISA and Must Be Dismissed

---

[1] The impropriety of punitive damages under ERISA is addressed below.

[2] ERISA does preclude employers from discharging their employees, either actually or constructively, in order to prevent their *pension rights* from vesting, but that is not at issue here. *See* 29 U.S.C. 1140. Even if it were at issue, Plaintiff failed to allege the "specific intent" required to maintain that claim. In fact, Plaintiff admits that her LTD benefits were terminated and *then* she was discharged, which precludes a finding of discharge *in order to avoid* vesting of benefits.

[3] ERISA defines a "plan participant" as "[a]ny employee or former employee of an employer…who is or may become eligible to receive a benefit of any type from an employee benefit plan…." 29 U.S.C. § 1002(7). The Supreme Court has held that a former employee does not fall within the "may become eligible" language of this definition unless he has a realistic expectation of returning to covered employment or a colorable claim to vested benefits. *Firestone v. Bruch*, 489 U.S. 101, 117 (1989). Plaintiff has alleged neither.

[4] Inasmuch as ERISA does not provide a "wrongful termination" right of action or recovery, the "wrongful termination" language in paragraphs 20, 21, 23 and 24 of Plaintiff's Complaint is immaterial and impertinent and should be stricken under F.R.C.P. 12(f).

1   Plaintiff's Third and Fourth Causes of Action are textbook common law claims for
2   breach of contract and breach of the covenant of good faith and fair dealing ("bad faith") against
3   Hartford. Both are preempted by ERISA and must be dismissed because plaintiff's exclusive
4   remedies are those available under ERISA.

5   ERISA § 514 provides that its provisions "...shall supersede any and all State laws
6   insofar as they may now or hereafter relate to any employee benefit plan...." 29 U.S.C. §
7   1144(a). "State law" includes all laws, decisions, rules, regulations or other State action having
8   the effect of law. *See* 29 U.S.C. § 1144(c). A law "relates to" a plan if it has a connection with or
9   reference to such a plan. *Ellenburg v. Brockway, Inc.*, 763 F.2d 1091, 1095 (9th Cir. 1985); *Fort
10  Halifax Packing Co. v. Coyne*, 482 U.S. 1, 8 (1987) (quotation omitted).

11  ERISA contains one of the broadest preemption clauses ever enacted by Congress. *PM
12  Group Life Ins. Co. v. Western Growers Assur. Trust*, 953 F.2d 543, 545 (9th Cir. 1992)
13  (quotation omitted). The ERISA preemptive provision is to be broadly construed and extends to
14  common law tort and contract actions. *Ellenburg, supra*, 763 F.2d at 1095; *Pilot Life Ins. Co. v.
15  Dedeaux*, 481 U.S. 41, 48 (1987). Even claims brought under state law doctrines that do not
16  explicitly refer to employee benefit plans are preempted when the claims arise from the
17  administration of such plans whether directly or indirectly. *Id.*, 763 F.2d at 1095; *See also Scott
18  v. Gulf Oil Corp.*, 754 F.2d 1499, 1504 (9th Cir. 1985).

19  Plaintiff's common law claims for breach of contract and bad faith arise out of her claim
20  for benefits under the Group Long Term Disability Policy issued by Hartford to APL.
21  (Complaint, ¶¶ 26, 37.) These claims amount to nothing more than an effort to recover benefits.
22  They are clearly superseded by ERISA and must therefore be dismissed. *Dytrt v. The Mountain
23  State Telephone and Telegraph Company*, 921 F.2d 889, 897 (9th Cir. 1990) (affirming dismissal
24  of breach of contract and bad faith claims as preempted under ERISA).

25  **D.    Plaintiff's Allegations of Entitlement to Punitive Damages Based on "Evil Motive,"
26         "Malice," "Fraud," "Oppression" and "Conscious Disregard" Must Be Stricken As
           Immaterial, Impertinent and Scandalous under FRCP 12(f).**
27  Plaintiff repeatedly alleges that Hartford and APL acted maliciously, fraudulently,
28  oppressively, with wrongful intention of injuring her, from an improper and evil motive

amounting to malice, and in conscious and reckless disregard of her rights. (*See* Complaint, ¶¶ 18, 24, 35, and 42.) Plaintiff also alleges that Hartford and APL acted in "bad faith" or "without just cause" and that she is entitled to recover punitive damages. (*See* Complaint, ¶¶ 18, 24, 35, and 42.)

Rule 12(f) provides that, before responding to a pleading, any party may move to strike any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." As explained by the court in *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded.' 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382, at 706-07 (1990). 'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question. *Id.* at 711." Meanwhile, something is "scandalous" if it "contain[s] material damaging to reputation."

In *Pilot Life, supra*, the Supreme Court held that state law "bad faith" claims and damages are not available to plaintiffs. *Pilot Life, supra*, 481 U.S. at 48. Subsequent cases have uniformly concluded that such extracontractual damages under such claims are not available under ERISA. See *Mertens v. Hewitt Associates*, 508 U.S. 248, 261-262 (1993) *Massachusetts Mutual Life Ins. Co. v. Russell*, 473 U.S. 134 (1985), *Solok v. Bernstein*, 803 F.2d 532, 536-537 (9th Cir. 1986); *Bast v. Prudential Ins. Company of America*, 150 F.3d 1003, 1010-1011 (9th Cir., 1998).

Inasmuch as ERISA's statutory scheme is limited, as explained above, to the recovery of benefits due under the Plan, and claims for bad faith, extracontractual and punitive damages are not available, Plaintiff's allegations of malice, fraud, oppression, wrongful intention, improper or evil motive, bad faith, and conscious disregard, as well as her claims for punitive or other extracontractual damages, are immaterial, impertinent and scandalous.

If any portion of Plaintiff's action is not dismissed, the Court should strike paragraphs 18, 24, 35, and 42, as well as her prayer for emotional distress and punitive damages.

## IV. CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiff's Complaint in its entirety. Alternatively, if any portion of Plaintiff's Complaint is not dismissed, the Court should strike the immaterial, impertinent and scandalous allegations in the Complaint.

Respectfully submitted,

Dated: July 10, 2008          KELLY, HOCKEL & KLEIN P.C.


By // Thomas K. Hockel
    Thomas K. Hockel
    Attorneys for Defendants