1  CURTIS G. OLER (Bar No. 63689)
   LAW OFFICES OF CURTIS G. OLER
2  Post Office Box 15083
   San Francisco, California 84115
3  Telephone: 415 346-8015
   Facsimile: 415 346-8238
4
   Attorney for Plaintiff
5     Patricia A. Hoffer

6

7  JONATHAN A. KLEIN (SBN 162071)
   THOMAS K. HOCKEL (SBN 172367)
   44 Montgomery Street, Suite 2500
8  San Francisco, California 94104-4798
   Telephone: 415 - 951-0535
9  Facsimile: 415 - 391-7808
   thockel@khklaw.com
10
   Attorneys for Defendants Hartford Life and
11  Accident Insurance Company and
    American President Lines, LTD

12

13
                    IN THE UNITED STATES DISTRICT COURT
14
                   FOR THE NORTHERN DISTRICT OF CALIFORNIA
15
                            SAN FRANCISCO DIVISION
16

17
   PATRICIA A. HOFFER,                ) NO. CV-08-2174-MHP
18                                    )
            Plaintiff,                ) JOINT CASE MANAGEMENT
19                                    ) STATEMENT AND PROPOSED ORDER
        VS.                           )
20                                    ) Date: August 25, 2008
   HARTFORD LIFE AND ACCIDENT         ) Time: 4:00 P.M.
21 INSURANCE COMPANY; AMERICAN        ) Crtm: 15, 18th Floor
   PRESIDENT LINES, LTD., and DOES    )
22 1 THROUGH 25,                      )
                                      )
23          Defendants.               )
   _____)
24

25

26

27

28  Joint Case Management Statement and Proposed Order      1

Plaintiff PATRICIA A. HOFFER ("Plaintiff") and defendants HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY ("Hartford") and AMERICAN PRESIDENT LINES LTD ("APL") (collectively "defendants") submit the following Joint Case Management Conference Statement in the captioned matter.

1. **Jurisdiction and Service**.

Subject matter jurisdiction over plaintiff's claims is predicated on 28 U.S.C. 1331 (federal question) inasmuch as Plaintiff's claims are brought under the Employee Retirement Income Security Act of 1975 ("ERISA") 29 U.S.C. section 1001, *et seq*. All parties have been served.

2. **Facts**.

Plaintiff is a former employee of APL. She was a participant in APL's group long term disability plan ("the plan"). According to the complaint, Plaintiff became disabled and began receiving disability benefits in September, 1997. Hartford paid benefits to her through March, 2007, when it determined she was no longer eligible for benefits under the group insurance policy issued to APL. Plaintiff appealed the decision and provided various materials for Hartford's review. Based on the administrative record, Hartford upheld its determination and denied further benefits. Defendant APL terminated Plaintiff's employment on March 12, 2008. This action followed.

The principal factual and legal disputes are whether Plaintiff is eligible for further benefits under the policy and whether APL terminated Plaintiff's employment to deny her ERISA benefits.

3. **Legal Issues**.

Defendant: The central legal issue in the case is whether Hartford abused its discretion in reaching its determination that Plaintiff was no longer eligible for benefits under the plan.

Other legal issues are presented in the Motion to Dismiss or Strike filed by defendants on July 10, 2008. Defendants contend that Plaintiff's complaint is defective for the various reasons

set forth in that motion.

Plaintiff: Whether Plaintiff was terminated by APL to deny her benefits under ERISA?

Regrettably, on the evening of August 12, 2008, Plaintiff succumbed to a cardiac arrest requiring an appropriate motion for substitution of party Plaintiff.

### 4. **Motions**.

Defendants filed a motion to dismiss in lieu of a response on July 10, 2008. It was filed prior to th case management conference to preserve defendants' right to seek dismissal pursuant to F.R.C.P. 12(b)(6). At the time the motion was filed, the Court's Standing Orders had not been served on defendants. As such, defendants were unaware of the Court's order requiring leave to file a motion to dismiss prior to the case management conference. Pursuant to the instructions received from the court, defendants filed an Ex Parte Application for Leave to File Motion to Dismiss on July 11, 2008. The ex parte and the motion to dismiss are pending.

Plaintiff will file a necessary motion for substitution of party plaintiff as a result of the death of Plaintiff on August 12, 2008.

### 5. **Amendment of Pleadings**.

Defendants motion to dismiss must be heard before the parties can make any representations regarding amendments to the pleadings. Defendants filed the motion to dismiss in lieu of an answer.

In view of the sudden death of Plaintiff and Defendant's certification of interested entities or persons filed this date, Plaintiff will amend the within complaint to address such and related issues.

### 6. **Evidence Preservation**.

Hartford has preserved the administrative record evaluated in making its determination that plaintiff was ineligible for further benefits. The parties, through their counsel, represent that they will take all reasonable measures to ensure the preservation of evidence relevant to the issues reasonably evidence in this action, including interdiction of any document-destruction

Joint Case Management Statement and Proposed Order      3

program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7. **Disclosures**.

Initial disclosures have not been completed but the parties anticipate they will be completed by September 8, 2008. Defendants will produce the administrative record.

8. **Discovery**.

No discovery has been taken. Defendants contend that no discovery beyond the administrative record is relevant. Defendants will produce the entire administrative record.

Plaintiff will propound to Defendants appropriate interrogatories, requests for production of documents, and requests for admissions. Plaintiff anticipates depositions of three individuals including Defendant Hartford's expert witness.

9. **Class Actions**.

Not applicable.

10. **Related Cases**.

None.

11. **Relief**.

Plaintiff requests the following relief:

As to her First Cause of Action against Defendant HARTFORD:

1. Grant Plaintiff a declaratory judgment that Defendant HARTFORD has violated Plaintiff's rights as guaranteed by the Employee Retirement Income Security Act, (ERISA) 29 U.S.C. Section 1001, *et seq*.;

2. Permanently enjoin Defendant HARTFORD, its agents, successors, and employees and those acting in concert with them from engaging in each of the unlawful practices and policies complained of herein;

3. Judgment in her favor and against Defendant HARTFORD for the amount of all benefits due and owing under said Group Long Term Disability Insurance Policy ;

4. Punitive damages against Defendant HARTFORD;

5. An award of reasonable attorney's fees and costs; and

6. For such other and further relief as the Court deems proper and just.

As to her Second Cause of Action against Defendant APL:

1. Grant Plaintiff a declaratory judgment that Defendant APL has violated Plaintiff's rights as guaranteed by the Employee Retirement Income Security Act, (ERISA) 29 U.S.C. Section 1001, *et seq.*;

2. Permanently enjoin Defendant APL, its agents, successors, and employees and those acting in concert with them from engaging in each of the unlawful practices and policies complained of herein;

3. Judgment in her favor and against Defendant APL for the loss of all medical and related benefits under said plan;

4. Punitive damages against Defendant APL;

5. An award of reasonable attorney's fees and costs;

6. For such other and further relief as the Court deems proper and just.

As to her Third Cause of Action against Defendant HARTFORD:

1. For compensatory damages in an amount to be proven at trial;

2. For interest in an amount to be proven at trial;

3. Damages for emotional distress in an amount to be proven at trial;

4. Punitive damages in an amount to be proven at trial;

5. Attorney's fees in an amount to be proven at trial;

6. For costs of suit herein incurred; and

7. For such other and further relief as the Court may deem proper and just.

A s to her Fourth Cause of Action Defendant HARTFORD:

1. For compensatory damages in an amount to be proven at trial;

2. For interest in an amount to be proven at trial;

3. Damages for emotional distress in an amount to be proven at trial;

4. Punitive damages in an amount to be proven at trial;

5. Attorney's fees in an amount to be proven at trial;

6. For costs of suit herein incurred; and

7. For such other and further relief as the Court may deem proper and just.

12. **Settlement and ADR**.

The parties have provided their ADR certifications. It is too early to gauge prospects for settlement, particularly given the outstanding motion to dismiss. However, assuming the motion to dismiss will have been resolved and assuming the case proceeds in one fashion or another, the parties have stipulated to Early Neutral Evaluation to be completed within 90 days of the referral.

13. **Consent to Magistrate Judge For All Purposes**.

Defendants previously filed a Declination to Proceed Before Magistrate.

14. **Other References**.

The parties do not believe this case is suitable for binding arbitration, reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. **Narrowing of Issues**.

Defendants' Motion to Dismiss was filed to narrow some issues. Others (such as the standard of review) may be narrowed by stipulation. The parties may be able to stipulate to the contents of the administrative record. The issue whether the plan abused its discretion may be determined by dispositive motion.

16. **Expedited Schedule**.

Defendants contend that this matter may be handled on an expedited basis with streamlined procedures once the Motion to Dismiss has been decided.

Under the peculiar circumstances of this case, considering the death of Plaintiff, Defendants' pending motion and the necessity of appropriate motions by Plaintiff as discussed above, an expedited schedule herein seems inappropriate.

17. **Scheduling**.

Defendants do not believe dates for designation of experts or discovery cutoff are necessary as the case should be decided on the administrative record. Depending upon the outcome of the Motion to Dismiss, defendants believe the case may be set for dispositive motion within six months.

Plaintiff believes that in view of the fact that Plaintiff's medical condition is the central issue in this case against Defendant Hartford, designation of experts and discovery cutoff relative thereto are peculiarly necessary. General pretrial and trial scheduling is also obviously necessary.

18. **Trial**.

If a trial is necessary, the case should be tried to the Court. Estimated length is one day.

Plaintiff has demanded jury trial herein which should be completed within not less than four full court days.

19. **Disclosures of Non-party Interested Entities or Persons.**

Both parties have filed their Certification of Interested Entities or Persons required by Civil Local Rule 3-16.

Plaintiff: Defendants' filing of August 15, 2008 of its Certification of Interested Entities or Persons suggests entities which might come within the meaning of Local Rule 3-16.

Dated: August 17, 2008                KELLY, HOCKEL & KLEIN, P.C.

                                      /s/ Thomas K. Hockel
                                By_____
                                      Thomas K. Hockel
                                      Attorneys for Defendants

Dated: August 17, 2008                LAW OFFICES OF CURTIS G. OLER

                                      /s/ Curtis G. Oler
                                By:_____
                                      Curtis G. Oler
                                      Attorney for Plaintiff

Joint Case Management Statement and Proposed Order       7

1    IT IS SO ORDERED:

3    Dated:_____                    _____
                                                    JUDGE, U.S. DISTRICT COURT

28   Joint Case Management Statement and Proposed Order        8